The trial court's September 1, 1995, docket entry that purported to grant respondent's request to amend the judgment pursuant to Rule 75.01 did not address the alternative motion. Rule 81.05(a) provides, however, "Any authorized after-trial motion not passed on at the time the motion for a new trial is determined shall be deemed overruled as of the same date." Respondent's alternative motion for judgment notwithstanding the verdict was denied, by operation of Rule 81.05(a), September 1, 1995, the date appellant's motion for new trial was denied.

■ The trial court's attempt to amend the judgment by means of its September 1, 1995, docket entry, or by its "Amended Judgment" filed September 8, 1995, was undertaken pursuant to Rule 75.01.[1] A motion to amend a judgment is not an authorized after-trial motion that extends the time a trial court has control over its judgment. A motion that asks the trial court to amend a judgment pursuant to Rule 75.01 is treated as a suggestion to the trial court. *Tice v. Tice*, 850 S.W.2d 419, 420 (Mo.App.1993).

■ A trial court proceeding under Rule 75.01 acts on its own initiative. An attempt by a trial court to amend a judgment more than 30 days after it was entered is in excess of its jurisdiction and is void. *Sondergard v. Kansas City Power & Light*, 826 S.W.2d 20, 22 (Mo.App.1992). *See also AGC Ins. Fund v. Jetco Heating & Air Conditioning, Inc.*, 815 S.W.2d 141, 142 (Mo.App.1991); and *Loomstein v. Medicare Pharmacies, Inc.*, 750 S.W.2d 106, 108 (Mo.App.1988).

The attempts by the trial court to amend its original judgment by its September 1 docket entry; the September 8 purported filing of an "Amended Judgment"; and the October 10 purported filing of a "Second Amended Judgment" were nullities. Those

1. Rule 75.01 states:
   The trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time. Not later than thirty days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new

actions did not affect the time provided by Rule 81.04 for filing a notice of appeal.

Appeal dismissed.

STATE of Missouri, Respondent,

v.

Donald NICHOLS, Appellant.

Donald D. NICHOLS, Appellant,

v.

STATE of Missouri, Respondent.

Nos. WD 50034, WD 51742.

Missouri Court of Appeals,
Western District.

July 16, 1996.

John M. Schilmoeller, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David J. Hansen, Asst. Atty. Gen., Jefferson City, for respondent.

Before FENNER, C.J., P.J., and
SPINDEN and EDWIN H. SMITH, JJ.

### ORDER

PER CURIAM.

Appellant's direct appeal is dismissed and his appeal of the denial, without evidentiary

trial on motion of a party, and every order granting a new trial shall specify the grounds therefor. After the filing of notice of appeal and before the filing of the record on appeal in the appellate court, the trial court, after the expiration of such thirty-day period, may still vacate, amend or modify its judgment upon stipulation of the parties accompanied by a withdrawal of the appeal.

...

hearing, of his Rule 29.15 motion for postconviction relief is affirmed.

Rule 84.16(b) and Rule 30.25(b).

**Andre BOYD, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 52218.**

Missouri Court of Appeals,
Western District.

July 16, 1996.

Rebecca L. Kurz, Assistant Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Kurt U. Schaefer, Assistant Attorney General, Jefferson City, for respondent.

Before LAURA DENVIR STITH, P.J., and ULRICH and SMART, JJ.

### ORDER

PER CURIAM:

Andre Boyd appeals the judgment denying his Rule 24.035 motion for post-conviction relief without an evidentiary hearing after pleading guilty to four counts of rape and one count of burglary in the first degree. He claims trial counsel was ineffective in failing to investigate a potential alibi defense. The motion court's judgment is affirmed by summary order. Rule 84.16(b).

**John L. MATHEIS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 52190.**

Missouri Court of Appeals,
Western District.

July 16, 1996.

Irene Karns, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Becky Owenson Kilpatrick, Asst. Atty. Gen., Jefferson City, for respondent.

Before EDWIN H. SMITH, P.J., and BRECKENRIDGE and ELLIS, JJ.

### ORDER

PER CURIAM.

Appeals from order denying Rule 24.035 motion on his convictions for one count of sodomy, § 566.060, RSMo. Supp.1993; and one count of sexual abuse in the first degree, § 566.100, RSMo. Supp.1993.

Judgment affirmed. Rule 84.16(b).